IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS RAY DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-0314-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Dennis Dalton's application for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had performed substantial gainful activity after his alleged onset date, but, assuming for the sake of argument that this work was merely unsuccessful work attempts, continued his analysis. The ALJ then found Plaintiff had several severe impairments, but retained the residual functional capacity ("RFC") to perform a reduced range of sedentary work, including some of his past relevant work.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application on June 3, 2011, alleging a disability onset date of October 1, 2010. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on January 25, 2013, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on January 31, 2014, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

> The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. *The evaluation process ends if a determination of disabled or not disabled can be made at any step*.

*Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014) (emphasis added); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). After the

analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id*.

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel,* 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue,* 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner,* 646 F.3d at 556.

**Discussion**

Plaintiff argues the ALJ erred at Step Four in determining his RFC because he failed to properly analyze the opinions of his longtime primary care physician, Dr. James Jaliszewshi, M.D., and his treating vascular surgeon, Dr. Joseph Martin, M.D. The Court will not analyze this argument, however, because the Court is compelled to affirm the Commissioner's decision for another reason: The ALJ rightly found at Step One that Plaintiff has engaged in substantial gainful activity since his alleged onset date.

In the second paragraph of his opinion, the ALJ found that:

> The claimant worked after the alleged disability onset date and this work activity did rise to the level of substantial gainful activity. The claimant's attorney suggested these were unsuccessfully work attempts because there is a break of thirty days between the jobs,

> but this argument is not persuasive. In Exhibit 11E, the claimant reports he worked for Partners in Behavioral Milestones from December of 2011 until April of 2012, and for Advance America from May of 2012 until July of 2012. Prior to that, the claimant worked for England's Action from December of 2010 to February of 2011 (Exhibits 11E/2-7 and 9-11). Thus, since his alleged onset date, the claimant has not had a period of twelve months where he did not engage in substantial gainful activity.

R. at 16. The record confirms these findings. Plaintiff's alleged onset date is October 1, 2010. But Plaintiff testified that from May until July 2012 he worked full-time for Advance America as an assistant manager. R. at 41. Although he contends he could not perform the job, he acknowledged that at the time he left, the company wanted to promote him and make him a manager. R. at 41. Furthermore, in his briefing to this Court, Plaintiff does not dispute the ALJ's finding that this work activity rose to the level of substantial gainful activity.

The law is clear that if a claimant is able to engage in substantial gainful activity, he is not disabled, and the disability analysis is complete. 20 C.F.R. § 404.1571 ("If you are able to engage in substantial gainful activity, we will find that you are not disabled."); *Kemp ex rel. Kemp*, 743 F.3d at 632 n.1 ("The evaluation process ends if a determination of disabled or not disabled can be made at any step."). Although the ALJ proceeded with the rest of the sequential evaluation out of an abundance of caution, R. at 16, there was no need to do so.

The record supports the ALJ's finding at step one that Plaintiff was not disabled. Therefore, the Court must affirm. *See id.*

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: August 5, 2015        /s/ Greg Kays
                            GREG KAYS, CHIEF JUDGE
                            UNITED STATES DISTRICT COURT

4